**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GUY FRANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-907** |
| **WARDEN RAY HANSON** | **SECTION: "E"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Guy Frank, is a state prisoner incarcerated at the Richwood Correctional Center in Richwood, Louisiana. On October 19, 2000, he pleaded guilty to theft of goods under Louisiana law.[1] He was subsequently found to be a fourth offender[2] and sentenced as such to a term of twenty-three years imprisonment without benefit of probation, parole, or suspension of sentence.[3] On May 22, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and

---

[1] State Rec., Vol. 1 of 3, transcript of October 19, 2000; State Rec., Vol. 1 of 3, minute entry dated October 19, 2000; State Rec., Vol. 1 of 3, guilty plea form.
[2] State Rec., Vol. 1 of 3, transcript of February 16, 2001.
[3] State Rec., Vol. 1 of 3, transcript of February 20, 2001.

sentence.[4]  The Louisiana Supreme Court then denied his related writ application on January 10, 2003.[5]

On July 21, 2003, petitioner filed an application for post-conviction relief with the state district court.[6]  That application was granted on August 14, 2003, but no form of relief was specified.[7]  Because petitioner was apparently not notified of that decision, confusion reigned as he continued to seek the intervention of the state's appellate courts in an effort to secure a ruling, resulting in decisions from the Louisiana Fourth Circuit Court of Appeal on November 19, 2003,[8] and from the Louisiana Supreme Court on January 14, 2005,[9] and December 12, 2008.[10]

In the interim, the state district court again granted petitioner post-conviction relief on June 22, 2007, and resentenced him to a term of four years imprisonment.[11]  The state sought supervisory review.[12]  On July 26, 2007, the Louisiana Fourth Circuit Court of Appeal granted the

---

[4] State v. Frank, No. 01-KA-1994 (La. App. 4th Cir. May 22, 2002) (unpublished); State Rec., Vol. 1 of 3.

[5] State v. Frank, 834 So.2d 437 (La. 2003); State Rec., Vol. 2 of 3.

[6] State Rec., Vol. 1 of 3. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications or accompanying documents as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by several years.

[7] State Rec., Vol. 1 of 3, Judgment and Order dated August 14, 2003; State Rec., Vol. 1 of 3, minute entry dated August 14, 2003.

[8] See State v. Frank, No. 2003-K-1905 (La. App. 4th Cir. Nov. 19, 2003) ("A review of the record indicates that relator's application for post conviction relief was granted on August 14, 2003. His request for a writ of mandamus is denied as moot."); State Rec., Vol. 3 of 3.

[9] State ex rel. Frank v. State, 889 So.2d 251 (La. 2005) ("Granted for the sole purpose of transferring the application to the district court for enforcement of its order of August 14, 2003, if it has not done so already. The district court is directed to provide this Court with a copy of its ruling."); State Rec., Vol. 3 of 3.

[10] State ex rel. Frank v. State, 997 So.2d 552 (La. 2008) ("Denied. Moot. The district court has acted.").

[11] State Rec., Vol. 1 of 3, transcript of June 22, 2007.

[12] State Rec., Vol. 1 of 3.

2

state's writ and reinstated petitioner's twenty-three year sentence.[13]  Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

Petitioner also alleges that he filed a motion to correct an illegal sentence with the state district court on or about June 25, 2008.[14]  When he received no ruling on that motion, he filed an application for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.  On March 5, 2009, the Court of Appeal denied that application, noting that there was no evidence that such a motion was in fact filed with the district court; however, petitioner was instructed that he could again attempt to file the motion.[15]  Petitioner alleges that he attempted to file the motion for a second time on or about May 16, 2009,[16] and he then filed a writ of mandamus with the Court of Appeal when, once again, no ruling was issued with respect to that filing.  On February 11, 2010, the Louisiana Fourth Circuit Court of Appeal denied relief, finding that petitioner's underlying claim was "not reviewable post-conviction."[17]  He thereafter filed another writ application with the Court of Appeal which was denied as repetitive on October 3, 2011.[18]

On or about March 23, 2015, petitioner filed the instant federal *habeas corpus* application.[19]  The state argues that the application is untimely.[20]  The state is correct.

---

[13] State v. Frank, No. 2007-K-0809 (La. App. 4th Cir. July 26, 2007); State Rec., Vol. 1 of 3.

[14] In his related writ application filed with the Louisiana Fourth Circuit Court of Appeal, petitioner alleged that underlying motion was filed "on or about the 25th day of June, 2008."  Application for Writ of Mandamus, State Rec., Vol. 3 of 3.

[15] State v. Frank, No. 2009-K-0109 (La. App. 4th Cir. Mar. 5, 2009); State Rec., Vol. 3 of 3.

[16] In his related writ application filed with the Louisiana Fourth Circuit Court of Appeal, petitioner alleged that underlying motion was filed "on or about the May 16, 2009."  Petition for Writ of Mandamus, State Rec., Vol. 3 of 3.

[17] State v. Frank, No. 2010-K-0030 (La. App. 4th Cir. Feb. 11, 2010); State Rec., Vol. 3 of 3.

[18] State v. Frank, No. 2011-K-1247 (La. App. 4th Cir. Oct. 3, 2011); State Rec., Vol. 3 of 3.

[19] Rec. Doc. 6.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  The record does not reflect when that occurred in this case; however, petitioner's original application was received in this Court on March 23, 2015.

[20] Rec. Doc. 16.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[21]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).   When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's direct-review writ application on January 10, 2003.[22]  Accordingly, his state criminal judgment became final, and his federal limitations period therefore commenced, on April 10, 2003.  That federal limitations period then expired one year later, unless his filing deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

After one hundred one (101) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on July 21, 2003.  Tolling then

---

[21] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[22] State v. Frank, 834 So.2d 437 (La. 2003); State Rec., Vol. 2 of 3.

4

continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  Unfortunately, due to petitioner's numerous and overlapping state court filings and the various defects in the state court proceedings, the precise period of statutory tolling to which petitioner is entitled is unclear.  However, it is undisputed that the last of petitioner's state court challenges to the instant criminal judgment ended with his filing in the Louisiana Fourth Circuit Court of Appeal in Case No. 2001-K-1247.  As noted, the Court of Appeal denied relief in that case on October 3, 2011.[23]  Therefore, **at the very latest**, all statutory tolling with respect to the his state court filings ceased thirty days later on November 2, 2011, when his time expired for seeking review of the Court of Appeal's judgment.[24]

When the federal imitations period resumed running at that point, petitioner had two hundred sixty-four (264) days of the period remaining.  Therefore, he had only until July 23, 2012, to file his federal application or to again toll the federal limitations period.

In that petitioner filed no other state applications for post-conviction or other collateral review, he is not entitled to further statutory tolling.  However, the Court must also consider equitable tolling.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

[23] State v. Frank, No. 2011-K-1247 (La. App. 4th Cir. Oct. 3, 2011); State Rec. Vol. 3 of 3.

[24] A state application ceases to be pending for tolling purposes when the time for supervisory review expires.  See Grillette, 372 F.3d at 769-71.  Under state law, a litigant has thirty days to seek review of a decision of a Louisiana Court of Appeal.  Louisiana Supreme Court Rule X, § 5(a).

filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The United States Supreme Court has also recognized an "actual innocence" exception to the AEDPA's statute of limitations, holding that a federal *habeas corpus* application should be not be dismissed as time-barred if the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (internal quotation marks omitted). Here, however, petitioner does not invoke McQuiggin or argue that he is actually innocent in light of new evidence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than July 23, 2012, in order to be timely.  His federal application was not filed until on or about March 23, 2015, and, therefore, it is untimely.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** petitioner's federal *habeas corpus* application be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this twenty-eighth day of September, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.